IGNACIA S. MORENO
Assistant Attorney General
ROBERT P. WILLIAMS, Trial Attorney
RICKEY D. TURNER JR., Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Wildlife and Marine Resources Section
Ben Franklin Station, P.O. Box 7369
Washington, D.C. 20044-7369
(202) 305-0206 (tel)
(202) 305-0229 (tel)

*Attorneys for Federal Defendants*

# UNITED STATES DISTRICT COURT FOR THE

# DISTRICT OF ARIZONA

| | |
|---|---|
| WILDEARTH GUARDIANS,<br><br>    Plaintiff,<br><br>      v.<br><br>UNITED STATES FOREST SERVICE,<br><br>    Defendant. | CASE NO. 10-CV-00385-DCB<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF WILDEARTH GUARDIANS' FIRST AMENDED COMPLAINT** |
| CENTER FOR BIOLOGICAL DIVERSITY and WESTERN WATERSHEDS PROJECT,<br><br>    Plaintiff,<br><br>      v.<br><br>UNITED STATES FOREST SERVICE and UNITED STATES FISH AND WILDLIFE SERVICE,<br><br>    Defendants. | CASE NO. 10-CV-00431-DCB |

Defendants United States Forest Service ("USFS") and United States Fish & Wildlife Service ("FWS"), by and through their undersigned counsel, hereby answer the first amended complaint of Plaintiff WildEarth Guardians ("WEG").  The numbered paragraphs in this answer correspond to the numbered paragraphs in Plaintiff's amended complaint, as follows:

1.     Except to admit that the Mexican spotted owl ("MSO") was listed as threatened under the Endangered Species Act ("ESA") on March 16, 1993, Defendants deny the allegations in the first sentence of paragraph 1.  The remaining allegations in paragraph 1 purport to characterize FWS' finding published at 58 Fed. Reg. 14248, which speaks for itself and contains the best evidence of its contents.  Defendants deny any allegation inconsistent with the plain language, meaning, and/or context of the published finding.

2.     Defendants deny the allegations in paragraph 2.

3.     Defendants deny the allegations in the first sentence of paragraph 3.  The allegations in the second sentence of paragraph 3 purport to characterize the USFS' 1996 amendment to the Land and Resource Management Plans ("LRMPs"), which speaks for itself and contains the best evidence of its contents.  Defendants deny any allegation inconsistent with the plain language, meaning, and/or context of the 1996 amendment. Defendants admit the allegations in the third sentence of paragraph 3.

4.     The allegations in paragraph 4 purport to characterize 16 U.S.C. § 1604(i), which speaks for itself and contains the best evidence of its contents.  Defendants deny any allegation inconsistent with the plain language, meaning, and/or context of that

statute.

5.      Defendants admit the allegations in paragraph 5.

6.      The allegations in the first two clauses of the first sentence of paragraph 6 are conclusions of law to which no response is required. Defendants admit the remaining allegations in paragraph 6.

7.      The allegations in paragraph 7 are conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 7.

8.      Defendants deny the allegations in paragraph 8.

9.      Defendants deny the allegations in paragraph 9.

10.     Defendants deny the allegations in paragraph 10.

11.     Defendants deny the allegations in paragraph 11.

12.     Defendants deny the allegations in paragraph 12.

13.     The allegations in paragraph 13 consist of Plaintiff's characterization of its case, which requires no response.  To the extent a response is required, Defendants deny the allegations in paragraph 13.

14.     Defendants deny the allegations in paragraph 14.

15.     Defendants deny the allegations in the first and third sentences of paragraph 15.  The allegations in the second sentence of paragraph 15 purport to characterize the contents of FWS' 2005 biological opinion ("BiOp"), which speaks for itself and is the best evidence of its contents.  Defendants deny any allegation inconsistent with the plain language, meaning, and/or context of the BiOp.

16.     The allegations in paragraph 16 consist of Plaintiff's characterization of its case, which requires no response.  To the extent a response is required, Defendants deny the allegations in paragraph 16.

17.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 17 and therefore deny them.

18.     Defendants admit the allegations in the first sentence of paragraph 18.  The allegations in the second sentence of paragraph 18 are conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in the second sentence of paragraph 18.

19.     Except to admit that FWS is a federal agency, the allegations in paragraph 19 are conclusions of law to which no response is required.

20.     The allegations in paragraph 20 are conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 20.

21.     Except to admit that Defendants received a letter from WEG, the allegations in paragraph 21 are conclusions of law to which no response is required.  To the extent a response is required, the letter speaks for itself and is the best evidence of its contents.  Defendants deny any allegation inconsistent with the plain language, meaning, and/or context of the letter.

22.     The allegations in paragraph 22 are conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 22.

23.     The allegations in paragraph 23 are conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 18.

24.     The allegations in paragraph 24 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegation inconsistent with the plain language, meaning, and/or context of the statute.

25.     The allegations in paragraph 25 purport to characterize the ESA which speaks for itself and is the best evidence of its contents.  Defendants deny any allegation inconsistent with the plain language, meaning, and/or context of the statute.

26.     The allegations in paragraph 26 purport to characterize the ESA which speaks for itself and is the best evidence of its contents.  Defendants deny any allegation inconsistent with the plain language, meaning, and/or context of the statute.

27.     The allegations in paragraph 27 purport to characterize the ESA which speaks for itself and is the best evidence of its contents.  Defendants deny any allegation inconsistent with the plain language, meaning, and/or context of the statute.

28.     The allegations in paragraph 28 purport to characterize the ESA which speaks for itself and is the best evidence of its contents.  Defendants deny any allegation inconsistent with the plain language, meaning, and/or context of the statute.

29.     The allegations in paragraph 29 purport to characterize the ESA which speaks for itself and is the best evidence of its contents.  Defendants deny any allegation inconsistent with the plain language, meaning, and/or context of the statute.

30.     The allegations in paragraph 30 purport to characterize the ESA which

speaks for itself and is the best evidence of its contents.  Defendants deny any allegation inconsistent with the plain language, meaning, and/or context of the statute.

31.     The allegations in paragraph 31 purport to characterize the ESA and its implementing regulations which speak for themselves and are the best evidence of their contents.  Defendants deny any allegation inconsistent with the plain language, meaning, and/or context of the statute and regulations.

32.     The allegations in paragraph 32 purport to characterize the implementing regulations of the ESA which speak for themselves and are the best evidence of their contents.  Defendants deny any allegation inconsistent with the plain language, meaning, and/or context of the regulations.

33.     The allegations in paragraph 33 purport to characterize the ESA and its implementing regulations which speak for themselves and are the best evidence of their contents.  Defendants deny any allegation inconsistent with the plain language, meaning, and/or context of the statute and regulations.

34.     Defendants deny the allegations in the first sentence of paragraph 34.  The allegations in the second sentence of paragraph 34 purport to characterize the ESA's implementing regulations which speak for themselves and are the best evidence of their contents.  Defendants deny any allegation inconsistent with the plain language, meaning, and/or context of the regulations.

35.     The allegations in paragraph 35 purport to characterize the implementing regulations of the ESA which speak for themselves and are the best evidence of their contents.  Defendants deny any allegation inconsistent with the plain language, meaning,

1    and/or context of the regulations.

2        36.    The allegations in paragraph 36 purport to characterize the ESA, which

3    speaks for itself and is the best evidence of its contents.  Defendants deny any allegation

4

5    inconsistent with the plain language, meaning, and/or context of the statute.

6        37.    The allegations in paragraph 37 purport to characterize the ESA and its

7    implementing regulations which speak for themselves and are the best evidence of their

8
     contents.  Defendants deny any allegation inconsistent with the plain language, meaning,
9

10   and/or context of the statute and regulations.

11       38.    The allegations in paragraph 38 purport to characterize the ESA which

12   speaks for itself and is the best evidence of its contents.  Defendants deny any allegation

13
     inconsistent with the plain language, meaning, and/or context of the statute.
14

15       39.    The allegations in paragraph 39 purport to characterize the ESA which

16   speaks for itself and is the best evidence of its contents.  Defendants deny any allegation

17   inconsistent with the plain language, meaning, and/or context of the statute.

18
         40.    The allegations in paragraph 40 purport to characterize written opinions in
19

20   Pacific Rivers Council v. Thomas, 30 F. 3d 1050 (9th Cir. 1994) and Lane County

21   Audubon Society v. Jamison, 958 F. 2d 290 (9th Cir. 1992), which speak for themselves

22   and are the best evidence of their contents.  Defendants deny any allegation inconsistent

23
     with the plain language, meaning, and/or context of these opinions.
24

25       41.    The allegations in paragraph 41 purport to characterize the ESA and its

26   implementing regulations which speak for themselves and are the best evidence of their

27   contents.  Defendants deny any allegation inconsistent with the plain language, meaning,

28

1 and/or context of the statute and regulations.

2

3      42.      The allegations in paragraph 42 purport to characterize the ESA which

4 speaks for itself and is the best evidence of its contents.  Defendants deny any allegation

5 inconsistent with the plain language, meaning, and/or context of the statute.

6      43.      The allegations in paragraph 43 purport to characterize the ESA and its

7 implementing regulations which speak for themselves and are the best evidence of their

8

9 contents.  Defendants deny any allegation inconsistent with the plain language, meaning,

10 and/or context of the statute and regulations.

11      44.      The allegations in paragraph 44 purport to characterize the ESA which

12 speaks for itself and is the best evidence of its contents.  Defendants deny any allegation

13

14 inconsistent with the plain language, meaning, and/or context of the statute.

15      45.      The allegations in paragraph 45 purport to characterize the implementing

16 regulations of the ESA which speak for themselves and are the best evidence of their

17

18 contents.  Defendants deny any allegation inconsistent with the plain language, meaning,

19 and/or context of the regulations.

20      46.      The allegations in paragraph 46 purport to characterize the implementing

21 regulations of the ESA which speak for themselves and are the best evidence of their

22

23 contents.  Defendants deny any allegation inconsistent with the plain language, meaning,

24 and/or context of the regulations.

25      47.      The allegations in paragraph 47 purport to characterize the ESA which

26 speaks for itself and is the best evidence of its contents.  Defendants deny any allegation

27 inconsistent with the plain language, meaning, and/or context of the regulations.

28

48.     The allegations in paragraph 48 purport to characterize FWS' finding published at 58 Fed. Reg. 14248, which speaks for itself and contains the best evidence of its contents.  Defendants deny any allegation inconsistent with the plain language, meaning, and/or context of the published finding.

49.     The allegations in paragraph 49 purport to characterize FWS' finding published at 58 Fed. Reg. 14248, which speaks for itself and contains the best evidence of its contents.  Defendants deny any allegation inconsistent with the plain language, meaning, and/or context of the published finding.

50.     The allegations in paragraph 50 purport to characterize FWS' finding published at 58 Fed. Reg. 14248, which speaks for itself and contains the best evidence of its contents.  Defendants deny any allegation inconsistent with the plain language, meaning, and/or context of the published finding.

51.     The allegations in paragraph 51 purport to characterize FWS' finding published at 58 Fed. Reg. 14248, which speaks for itself and contains the best evidence of its contents.  Defendants deny any allegation inconsistent with the plain language, meaning, and/or context of the published finding.

52.     The allegations in paragraph 52 purport to characterize FWS' finding published at 58 Fed. Reg. 14248, which speaks for itself and contains the best evidence of its contents.  Defendants deny any allegation inconsistent with the plain language, meaning, and/or context of the published finding.

53.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 53 and therefore deny them.

54.    The allegations in paragraph 54 purport to characterize FWS' 2005 BiOp, which speaks for itself and contains the best evidence of its contents.  Defendants deny any allegation inconsistent with the plain language, meaning, and/or context of the BiOp.

55.    The allegations in paragraph 55 purport to characterize FWS' 2005 BiOp, which speaks for itself and contains the best evidence of its contents.  Defendants deny any allegation inconsistent with the plain language, meaning, and/or context of the BiOp.

56.    The allegations in paragraph 56 purport to characterize FWS' 2005 BiOp, which speaks for itself and contains the best evidence of its contents.  Defendants deny any allegation inconsistent with the plain language, meaning, and/or context of the BiOp.

57.    Defendants admit the allegation in the first sentence of paragraph 57 that FWS completed a Recovery Plan for the MSO in December 2005.  The remaining allegations in paragraph 57 purport to characterize the ESA and the MSO's Recovery Plan which speak for themselves and are the best evidence of their contents.  Defendants deny any allegation inconsistent with the plain language, meaning, and/or context of the statute and the Recovery Plan.

58.    The allegations in paragraph 58 purport to characterize the Recovery Plan for the MSO which speaks for itself and is the best evidence of its contents.  Defendants deny any allegation inconsistent with the plain language, meaning, and/or context of the Recovery Plan.

59.    The allegations in paragraph 59 purport to characterize the Recovery Plan for the MSO which speaks for itself and is the best evidence of its contents.  Defendants deny any allegation inconsistent with the plain language, meaning, and/or context of the

1   Recovery Plan.

2       60.     The allegations in paragraph 60 purport to characterize the Recovery Plan

3   for the MSO which speaks for itself and is the best evidence of its contents.  Defendants

4

5   deny any allegation inconsistent with the plain language, meaning, and/or context of the

6   Recovery Plan.

7       61.     The allegations in the first sentence of paragraph 61 are vague, subjective,

8   and/or argumentative, and Defendants therefore lack knowledge and information

9   sufficient to admit or deny them.  The remaining allegations in paragraph 61 purport to

10

11  characterize the contents of the Recovery Plan for the MSO which speaks for itself and is

12  the best evidence of its contents.  Defendants deny any allegation inconsistent with the

13  plain language, meaning, and/or context of the Recovery Plan.

14

15      62.     The allegations in paragraph 62 purport to characterize the Recovery Plan

16  for the MSO which speaks for itself and is the best evidence of its contents.  Defendants

17  deny any allegation inconsistent with the plain language, meaning, and/or context of the

18
    Recovery Plan.
19

20      63.     The allegations in paragraph 63 purport to characterize the Recovery Plan

21  for the MSO which speaks for itself and is the best evidence of its contents.  Defendants

22  deny any allegation inconsistent with the plain language, meaning, and/or context of the

23
    Recovery Plan.
24

25      64.     Defendants deny the allegation in paragraph 64 that the Land and Resource

26  Management Plans ("LRMP") "constrain all USFS management actions on national

27  forest lands in USFS Region 3."  Defendants admit the remaining allegations in

28

paragraph 64.

65.     Defendants admit the allegations in paragraph 65.

66.     Defendants deny the allegations in paragraph 66.

67.     The allegations in paragraph 67 purport to characterize the 1996 Standards and Guidelines of the LRMPs which speak for themselves and are the best evidence of their contents.  Defendants deny any allegation inconsistent with the plain language, meaning, and/or context of the standards and guidelines.

68.     The allegations in paragraph 68 purport to characterize the 1996 Standards and Guidelines of the LRMPs which speak for themselves and are the best evidence of their contents.  Defendants deny any allegation inconsistent with the plain language, meaning, and/or context of the standards and guidelines.

69.     The allegations in paragraph 69 purport to characterize the 1996 Standards and Guidelines of the LRMPs which speak for themselves and are the best evidence of their contents.  Defendants deny any allegation inconsistent with the plain language, meaning, and/or context of the standards and guidelines.

70.     The allegations in paragraph 70 purport to characterize the 1996 Standards and Guidelines of the LRMPs which speak for themselves and are the best evidence of their contents.  Defendants deny any allegation inconsistent with the plain language, meaning, and/or context of the standards and guidelines.

71.     The allegations in paragraph 71 purport to characterize the 1996 Standards and Guidelines of the LRMPs which speak for themselves and are the best evidence of their contents.  Defendants deny any allegation inconsistent with the plain language,

1    meaning, and/or context of the standards and guidelines.

2         72.    The allegations in paragraph 72 purport to characterize the 1996 Standards

3    and Guidelines of the LRMPs which speak for themselves and are the best evidence of

4    their contents.  Defendants deny any allegation inconsistent with the plain language,

5

6    meaning, and/or context of the standards and guidelines.

7         73.    The allegations in paragraph 73 purport to characterize the 1996 Standards

8    and Guidelines of the LRMPs which speak for themselves and are the best evidence of

9

10   their contents.  Defendants deny any allegation inconsistent with the plain language,

11   meaning, and/or context of the standards and guidelines.

12        74.    Defendants deny the allegation in paragraph 74 that USFS' management

13   activities are "constrained by the mandatory implementation of the 1996 Standards and

14
     Guidelines."  Defendants admit the remaining allegations in paragraph 74.
15

16        75.    Defendants admit the allegations in paragraph 75.

17        76.    The allegations in paragraph 76 purport to characterize the 1996 BiOp

18   which speaks for itself and is the best evidence of its contents.  Defendants deny any

19
     allegation inconsistent with the plain language, meaning, and/or context of the BiOp.
20

21        77.    The allegations in paragraph 77 purport to characterize the 1996 BiOp

22   which speaks for itself and is the best evidence of its contents.  Defendants deny any

23
     allegation inconsistent with the plain language, meaning, and/or context of the BiOp.
24

25        78.    The allegations in paragraph 78 purport to characterize the 1996 BiOp

26   which speaks for itself and is the best evidence of its contents.  Defendants deny any

27   allegation inconsistent with the plain language, meaning, and/or context of the BiOp.

28

79.     The allegations in paragraph 79 purport to characterize the 1996 BiOp which speaks for itself and is the best evidence of its contents.  Defendants deny any allegation inconsistent with the plain language, meaning, and/or context of the BiOp.

80.     Defendants deny the allegations in paragraph 80.

81.     Defendants deny the allegations in paragraph 81.

82.     Defendants deny the allegations in paragraph 82.

83.     Defendants deny the allegations in paragraph 83.

84.     Except to admit that USFS reinitiated consultation with FWS on the MSO, Defendants deny the allegations in paragraph 84.

85.     Defendants admit the allegations in paragraph 85.

86.     The allegations in paragraph 86 purport to characterize the 2005 BiOp which speaks for itself and is the best evidence of its contents.  Defendants deny any allegation inconsistent with the plain language, meaning, and/or context of the BiOp.

87.     Defendants deny the allegations in paragraph 87.

88.     Defendants deny the allegations in paragraph 88.

89.     The allegations in paragraph 89 purport to characterize the 2005 BiOp which speaks for itself and is the best evidence of its contents.  Defendants deny any allegation inconsistent with the plain language, meaning, and/or context of the BiOp.

90.     The allegations in paragraph 90 purport to characterize the Reasonable Prudent Measures ("RPMs") of the 2005 BiOp which speak for themselves and are the best evidence of their contents.  Defendants deny any allegation inconsistent with the plain language, meaning, and/or context of the RPMs.

91.     The allegations in paragraph 91 purport to characterize the RPMs of the 2005 BiOp which speak for themselves and are the best evidence of their contents. Defendants deny any allegation inconsistent with the plain language, meaning, and/or context of the RPMs.

92.     The allegations in paragraph 92 purport to characterize the RPMs of the 2005 BiOp which speak for themselves and are the best evidence of their contents. Defendants deny any allegation inconsistent with the plain language, meaning, and/or context of the RPMs.

93.     The allegations in paragraph 93 purport to characterize the RPMs of the 2005 BiOp which speak for themselves and are the best evidence of their contents. Defendants deny any allegation inconsistent with the plain language, meaning, and/or context of the RPMs.

94.     The allegations in paragraph 94 purport to characterize the 2005 BiOp which speaks for itself and is the best evidence of its contents.  Defendants deny any allegation inconsistent with the plain language, meaning, and/or context of the BiOp.

95.     Defendants deny the allegations in paragraph 95.

96.     Defendants deny the allegations in paragraph 96.

97.     Defendants deny the allegations in paragraph 97.

98.     Defendants admit the allegations in the first sentence of paragraph 98.  The allegations in the second sentence of paragraph 98 purport to characterize FWS' BiOp for the Phase II Maintenance Project which speaks for itself and is the best evidence of its contents.  Defendants deny any allegation inconsistent with the plain language, meaning,

and/or context of the BiOp.  Defendants deny the allegations in the third sentence of paragraph 98.

99.    Defendants admit the allegations in the first sentence of paragraph 99. Defendants deny the allegations in the second sentence of paragraph 99.

100.    Defendants deny the allegations in paragraph 100.

101.    Defendants deny the allegations in paragraph 101.

102.    The first sentence of paragraph 102 purports to characterize the 1996 Standards and Guidelines of the LRMPs which speak for themselves and are the best evidence of their contents.  Defendants deny any allegation inconsistent with the plain language, meaning, and/or context of the standards and guidelines.  Defendants deny the allegations in the second sentence of paragraph 102.

103.    Defendants deny the allegations in paragraph 103.

104.    The allegations in paragraph 104 purport to characterize the 2005 BiOp which speaks for itself and is the best evidence of its contents.  Defendants deny any allegation inconsistent with the plain language, meaning, and/or context of the BiOp.

105.    Defendants deny the allegations in paragraph 105.

106.    Defendants deny the allegations in paragraph 106.

107.    The allegations in the first sentence of paragraph 107 purport to characterize the Biological Assessment ("BA") for the Wildbunch Allotment Management Plan which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the plain language, meaning, and/or context of the BA.  The allegations in the second and third sentences of paragraph 107

purport to characterize the BiOp for the Wildbunch Allotment Management Plan which speaks for itself and is the best evidence of its contents.  Defendants deny any allegation inconsistent with the plain language, meaning, and/or context of the Wildbunch Allotment Management Plan.

108.    Defendants deny the allegations in paragraph 108.

109.    Defendants deny the allegations in paragraph 109.

110.    The allegations in paragraph 110 purports to characterize the March 2008 Annual Report which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the plain language, meaning, and/or context of the annual report.

111.    The allegations in paragraph 111 purport to characterize a September 17, 2009 letter which speaks for itself and is the best evidence of its contents.  Defendants deny any allegation inconsistent with the plain language, meaning, and/or context of the letter.

112.    The allegations in paragraph 112 purport to characterize an April 17, 2009 letter which speaks for itself and is the best evidence of its contents.  Defendants deny any allegation inconsistent with the plain language, meaning, and/or context of the letter.

113.    Defendants deny the allegation in the paragraph 113 that the USFS "[failed] to implement the non-discretionary 'terms and conditions' of the ITS incorporated into the 2005 BO."  The remaining allegations in paragraph 113 are legal conclusions which require no response.  To the extent a response is required, Defendants deny the allegations.

114.    The allegations in paragraph 114 are conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 114.

115.    The allegations in paragraph 115 are conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 115.

116.    The allegations in paragraph 116 purport to characterize an April 17, 2009 letter which speaks for itself and is the best evidence of its contents.  Defendants deny any allegation inconsistent with the plain language, meaning, and/or context of the letter.

117.    Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 117 and therefore deny them.

118.    The allegations in paragraph 118 purport to characterize a June 22, 2010 letter which speaks for itself and is the best evidence of its contents.  Defendants deny any allegation inconsistent with the plain language, meaning, and/or context of the letter.

119.    The allegations in paragraph 119 purport to characterize a June 22, 2010 letter which speaks for itself and is the best evidence of its contents.  Defendants deny any allegation inconsistent with the plain language, meaning, and/or context of the letter.

120.    Defendants deny the allegation in paragraph 120 that "the USFS has not prepared an amended BA or submitted an amended BA to the FWS."  The remaining allegations purport to characterize an April 17, 2009 letter which speaks for itself and is the best evidence of its contents.  Defendants deny any allegation inconsistent with the plain language, meaning, and/or context of the letter.

121.    Defendants deny the allegations in paragraph 121.

122.    The allegations in paragraph 122 purport to characterize a September 17, 2009 letter and Ninth Circuit legal decisions which speak for themselves and are the best evidence of their contents.  Defendants deny any allegation inconsistent with the plain language, meaning, and/or context of the letter and legal decisions.

123.    Defendants incorporate by reference all preceding paragraphs 1 through 122.

124.    Defendants deny the allegations in paragraph 124.

125.    Defendants deny the allegations in paragraph 125.

126.    Defendants incorporate by reference all preceding paragraphs 1 through 125.

127.    Defendants deny the allegations in paragraph 127.

128.    Defendants incorporate by reference all preceding paragraphs 1 through 127.

129.    Defendants deny the allegations in paragraph 129.

130.    Defendants deny the allegations in paragraph 130.

131.    Defendants deny the allegations in paragraph 131.

132.    Defendants deny the allegations in paragraph 132.

133.    Defendants deny the allegations in paragraph 133.

134.    Defendants incorporate by reference all preceding paragraphs 1 through 133.

135.    Defendants deny the allegations in paragraph 135.

136.    Defendants deny the allegations in paragraph 136.

137.    Defendants incorporate by reference all preceding paragraphs 1 through 136.

138.    Defendants deny the allegations in paragraph 138.

139.    Defendants deny the allegations in paragraph 139.

140.    Defendants incorporate by reference all preceding paragraphs 1 through 139.

141.    Defendants deny the allegations in paragraph 141.

142.    Defendants incorporate by reference all preceding paragraphs 1 through 141.

143.    Defendants deny the allegations in paragraph 143.

144.    Defendants incorporate by reference all preceding paragraphs 1 through 143.

145.    Defendants deny the allegations in paragraph 145.

## RELIEF REQUESTED

The remainder of the complaint constitutes Plaintiff's request for relief, to which no response is required.  To the extent a further response is required, Defendants deny that Plaintiff is entitled to the relief requested or any relief whatsoever.

## GENERAL DENIAL

Defendants deny any allegations of the amended complaint, whether express or implied, that are not specifically admitted, denied, or qualified herein.

## AFFIRMATIVE DEFENSES

1.      This Court lacks jurisdiction over some or all of Plaintiff's claims.

2.      Any challenge to the Pinaleno Ecosystem Restoration Project is not ripe.

3.      Plaintiff's complaint fails in whole or in part to state claims upon which relief can be granted and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

4.      Some or all of Plaintiff's claims are moot.

Dated: November 5, 2010

Respectfully Submitted,

IGNACIA S. MORENO,
Assistant Attorney General

/s/ Rickey D. Turner, Jr.
RICKEY D. TURNER, JR.,
Trial Attorney
ROBERT P. WILLIAMS,
Trial Attorney
U.S. Department of Justice
Environment & Natural Resources
Division
Wildlife & Marine Resources Section
Ben Franklin Station
P.O. Box 7369
Washington, DC 20044-7369
Phone: (202) 305-0229
Fax: (202) 305-0275
Email: rickey.turner@usdoj.gov

***Attorneys for Federal Defendants***

# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF ARIZONA

WILDEARTH GUARDIANS,

     Plaintiff,

          v.

UNITED STATES FOREST SERVICE,

     Defendant.

CASE NO. 10-CV-00385-DCB

**CERTIFICATE OF SERVICE**

    I hereby certify that on November 5, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such to the attorneys of record.

Steven Sugarman
Stevensugarman@hotmail.com

                               */s/ Rickey D. Turner, Jr.*
                                RICKEY D. TURNER, JR.